307 P.2d 1038

UNITED ASSOCIATION OF JOURNEY-MEN and APPRENTICES OF THE PLUMBING and PIPEFITTING INDUSTRY OF THE UNITED STATES and CANADA, LOCAL NO. 469, and LOCAL 741; Ray Sanders; Frank Profiri; Jack Underwood; Associated Plumbing Contractors of Arizona, a non-profit corporation; Joe Stertz, Appellants,

v.

Louis J. MARCHESE, d/b/a O. K. Plumbing and Supply Co.; Howard C. Johnson, d/b/a Johnson Plumbing and Heating Co.; W. C. Kiesel, d/b/a Martin and Kiesel Plumbing; Maurice F. Walker, d/b/a Walker Plumbing and Heating Co.; Wilmer Robertson, d/b/a Robertson & Son Plumbing; Arizona Plumbing & Heating Company, Inc., a corporation; G. M. Flood, d/b/a Flood Plumbing and Heating; John Armer Company, Plumbing and Heating, a corporation; Whit Bishop, d/b/a Bishop Plumbing and Heating; G. M. Maupin Plumbing and Heating Co., Inc., a corporation; Sam McCullouch, d/b/a McCullouch Plumbing; and Eugene Hickey, d/b/a Hickey's Plumbing & Heating, Appellees,

and

Air Conditioning, Refrigeration and Sheet Metal Contractors Association of Arizona, Inc., a corporation; Climate Control Company, a corporation; Arizona York Refrigeration Company, a corporation; Harlan Diehl, d/b/a Diehl Commercial Refrigeration Company; Goettl Bros. Metal Products, Inc., a corporation; Valley Sales and Service, Inc., a corporation; Arizona Air Conditioning Company, a corporation; White Refrigeration Company, a corporation, Intervener-Appellees.

No. 6051.

Supreme Court of Arizona.

March 1, 1957.

Lewis, Roca, Scoville & Beauchamp and John P. Frank, Minne & Sorenson, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask and Richard G. Kleindienst, Shimmel, Hill & Cavanagh, Stahl, Murphy & Blakley, Phoenix, for appellees.

Boyle, Bilby, Thompson & Shoenhair and H. C. Warnock, Darnell, Holesapple, McFall & Spaid, Hall, Catlin & Molloy, Robertson & Holmes, Tucson, F. Britton Burns, Terrence A. Carson, Evans, Kitchel & Jenckes, Fennemore, Craig, Allen & McClennen, Guynn & Twitty, Kramer, Roche & Perry, Langmade & Sullivan, John E. Madden, Ragan & Rehnquist, Rawlins, Davis, Christy, Kleinman & Burrus, Snell & Wilmer, Albert B. Spector, Moore & Romley, Foster G. Mori, Cunningham, Carson & Messinger, Gust, Rosenfeld, Divelbess & Robinette, Henderson, Trew & Clark, Pickrell, Hunter, Bartlett & Penn, Phoenix, Max C. Killian, Mesa, amici curiæ on motion for rehearing.

STRUCKMEYER, Justice.

We originally concluded, 81 Ariz. 162, 302 P.2d 930, that the National Labor Relations Board had the exclusive jurisdiction in the first instance to determine whether there was here an unfair labor practice and whether such practice resulted in a controversy affecting commerce. Because the trial court did not make an express finding as to the effect of appellees' business on commerce and because no transcript of the evidence was certified to this court, it is urged that we must necessarily have, without so stating, taken judicial notice of facts to support the conclusion that this controversy affected commerce. Appellees misapprehend the basis of our decision. The trial court by its conclusion of Law No. 7 found that nothing "contained in the National Labor Management Relations Act of 1947 as amended [29 U.S.C.A. § 141 et seq.] operates to divest this court of its ju-

risdiction over the parties and subject matter of this litigation." From an examination of the pleadings and findings of fact, we reached a conclusion contrary to the foregoing conclusion of the trial court. We did not hold that appellees' business affected commerce, but that it is possible to say that the aggregate of appellees' business may affect commerce within the meaning of the Taft-Hartley Act; and, consequently, the subject matter of this litigation falls within the sphere of action of the National Labor Relations Board. Weber v. Anheuser-Busch, 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546.

We appreciate the sincere efforts of counsel and their exhaustive and dispassionate analysis, particularly those counsel amici curiae who have filed separate briefs, but we are still constrained to the view that because the subject matter of the action may be an unfair labor practice affecting commerce, it is within the exclusive jurisdiction of the National Labor Relations Board in the first instance.

WINDES and LA PRADE, JJ., concurring.

PHELPS, Justice (dissenting).

It is interesting to note that the majority opinion now disclaims that it held in the original opinion that appellees' business affected interstate commerce. The exact language used in the original opinion was: that "The construction industry is an 'industry affecting interstate commerce'." 302 P.2d 930, at page 933. The majority now say that what they really held was that:

"* * * it is *possible* to say that the aggregate of appellees' business *may* affect commerce within the meaning of the Taft-Hartley Act; * * *." (Emphasis supplied.)

This latest pronouncement, I believe, to be entirely new in American Jurisprudence wherein the citizens of a sovereign state have been denied the right to have their property rights determined by a duly constituted court of a sovereign state merely upon the ground that the aggregate of their business *may possibly* affect commerce, where the record is wholly barren of any evidence supporting such a possibility, in fact, where the transcript of the evidence was not even before this Court.

The majority completely ignored the argument of counsel for appellee on rehearing that there was no unfair labor practice involved in this case which must be present to give the N.L.R.B. jurisdiction even if appellees business did affect interstate commerce. The argument of counsel for appellee in their interpretation of Section 8(d), 29 U.S.C.A. § 158(d), is unanswerable and I believe, clearly shows that there existed no unfair labor practice in this case under the Taft-Hartley Act.

The fact is that counsel for appellant stated in open court, in response to a ques-

tion propounded by the writer, that if this case reached the National Labor Relations Board, he would argue that his clients were not guilty of an unfair labor practice under the Taft-Hartley Act. This statement was made in face of the fact that their whole case before this Court depended upon the existence of such unfair labor practice.

I still adhere to the views expressed in the former dissent and am firmly of the opinion that the motion for a rehearing should be granted and the judgment of the lower court affirmed.

UDALL, C. J., concurs.